UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONNE HARDIMAN,

    Plaintiff,                                  Hon. Richard Alan Enslen

v.                                                Case No. 1:05-CV-517

KENT COUNTY DEPARTMENT
OF HUMAN SERVICES,

    Defendant.
_____/

## **JUDGMENT**

Plaintiff has initiated the present action challenging a decision by the courts of the State of Michigan terminating her parental rights. The Court has granted Plaintiff's motion to proceed as a pauper in this matter. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the

United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Plaintiff requests that this Court overturn a decision entered by the courts of the State of Michigan terminating her parental rights. This Court lacks the authority and jurisdiction to grant Plaintiff the relief she seeks. *See Baker v. Wayne County Family Independence Agency*, 75 Fed. Appx. 501, 502-03 (6th Cir. Sept. 19, 2003) (where plaintiff asserts in federal court that "the state probate court erred by terminating his parental and visitation rights" the "Rooker-Feldman doctrine prevents federal courts from engaging in such collateral review of state court decisions."); *Rainey v. Samuels*, 130 Fed. Appx. 808 (7th Cir. Apr. 5, 2005) (same); *Cambria County Children & Youth Serv. v. Lucas*, No. 04-4403, 2005 WL 1076185 (3rd Cir. May 9, 2005) (same); *Atkinson-Bird v. Utah Div. of Child & Family Serv.*, 92 Fed. Appx. 645 (10th Cir. Feb. 13, 2004) (same). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dionne Hardiman's Complaint (Dkt. #1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 26, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |